# Richmond.

## BALDWIN'S EX'X v. BALDWIN.

### March 30, 1882.

1. DEED—*Construction.*—Father, on eve of second marriage, in 1867, con-- veys to eldest son, as trustee, real and personal property, to hold in trust for the equal benefit of his six children, by name; grantor reserves right to control of estate; to order sale or divide off any portion to the children as they come of age, but the fund in no instance to be diverted from the interest of the children. The estate to be held together until youngest child marries or becomes of age, unless he orders otherwise. Trustee required to render accounts annually and pay over to grantor net proceeds for the benefit of the children, *reserving his own share.* Grantor reserves right to remove the trustee at any time and appoint another. In 1870 one of the children, F, who was seventeen years old when the deed was executed, and who then left home to gain his own liv- ing, became of age. He never received any share or benefit from the estate conveyed. Father died in 1876. On suit by F against the executrix to recover what his father had received as his share during his minority—

HELD :

    1. The grantor divested himself of the estate conveyed, and created separate trusts in favor of *each* of the beneficiaries named in the deed.

    2. The reservations were all consistent with, and in aid and favor of the trusts.

2. EVIDENCE.—Exceptions taken to papers filed before commissioner, show- ing receipts by grantor from trustee, being exceptions, not to the com- petency of the evidence but to its sufficiency. those papers will be con- sidered by this court as "proved." Had the exceptions been to the competency of the witness to prove the handwriting, other witness than the trustee might have been called. Exceptions must always point spe- cifically to the grounds of objection, so as to give notice to the opposing party. *Sexton* v. *Crocket*, 29 Gratt. 55.

3. QUÆRE : The grantor being dead, but the trustee not being a party to- the suit, was trustee a competent witness to prove settlements between himself and grantor as to payments made to latter by trustee of the trust funds?

Appeal from decree of circuit court of Charlotte county, at its September term, 1879, in suit of Frank G. Baldwin *v.* Baldwin's Executrix. Decree against the executrix, who obtained an appeal to this court. The facts and the defences made are fully stated in the opinion of the court.

*W. W. Henry,* for appellant.

1. Demurrer to bill should have been sustained, because it shows plaintiff had no cause of action. The deed shows that the receipts of trust funds which William Baldwin was to receive were for the *joint* benefit of the five younger children for whose sake the property was to be kept together until the youngest married or came of age. Plaintiff, one of the five, could have no separate share. See *Nickell & Miller* v. *Hardy,* 10 Gratt. 336.

2. Circuit court erred in sustaining plaintiff's claim on insufficient and illegal evidence. The trustee, John C. Baldwin, was examined. On his testimony alone the claim was sustained. He was incompetent to testify, as the grantor with whom the settlements were made, was dead. Code 1873, ch. 172, §§ 21, 22; *Statham* v. *Ferguson,* 25 Gratt. 28; *Mason* v. *Wood,* 27 Gratt. 783; and *Grigsby* v. *Simpson,* 28 Gratt. 348.

3. The claim was barred by the lapse of five years since the receipt of plaintiff's share by his father, those receipts having been during plaintiff's minority, which ended September, 1870. See 2 Perry on Trusts, § 864; *Wickliffe* v. *Lexington,* 11 B. Morgan, 161; *Shepherd* v. *Turpin,* 3 Gratt. 377.

*Guy & Gilliam,* for appellee.

CHRISTIAN, J., delivered the opinion of the court.

The case is before us by appeal from a decree of the circuit court of Charlotte county.

The facts disclosed by the record will be briefly stated.

William Baldwin, on the 27th day of February, 1867, a short time before his second marriage, being at that time a widower with six children by a former marriage, executed and delivered to John C. Baldwin a deed conveying to him, upon certain trusts therein named, all his estate in Halifax county, containing 1,500 acres, with crops, stock, farming utensils, &c.

As our decision depends upon the true construction to be given to the provisions of this deed, I deem it proper and more convenient to set it out in *totidem verbis.* It is in these words:

"This deed, made this 27th day of February, 1867, between William Baldwin, of the county of Charlotte, and John C. Baldwin, of Halifax county, State of Virginia, witnesseth:

"That the said Wm. Baldwin hath this day bargained and sold to the said John C. Baldwin all his estate in Halifax, consisting of 1,500 acres of land, more or less, lying on Staunton river immediately above Cole's Ferry, the same purchased of Charles Bruce, and known as Halifax Quarter, with all and severally its appurtenances, stock, plantation utensils, crops, &c., in consideration of the sum of one dollar to him in hand paid by the said J. C. Baldwin, and doth by these presents convey to said John C. Baldwin all right and title in and to said estate, to have and to hold the same, nevertheless, in trust, as follows:

"That the Jno. C. Baldwin shall hold the same *in trust for the equal benefit* of the said Wm. Baldwin's six younger children, viz: said John C., Frank, Margaret, James, Mary and Carry; said William Baldwin reserves the right to control the management of said estate, and at any time to order a sale of any part as in his judgment may be to the interest

of said children, or divide off any portion to the children as they may become of age, but in no instance shall the fund arising from any sale be diverted to any other purpose than to the interest of said children. In any division it shall be competent for the trustee to select three disinterested intelligent men to value, divide and assign to the parties. It is understood that unless otherwise ordered the estate shall be held together till the youngest child marries or becomes of age. In the event of the death of either of the children before they become of age (21 years), or leaving no lineal descendant, the property shall be equally divided between the surviving. The said trustee is required to render accounts annually and pay over to said Wm. Baldwin the net proceeds for the benefit of the children, reserving his own share. Should said trustee die or resign, or be removed by said Wm. Baldwin, it being understood that he reserves the right to remove the trustee at any time he may so will, it shall be competent for said Wm. Baldwin to appoint another in his place.

"Witness the following signatures and seals. Interlined before signed.

"Wm. Baldwin,     [Seal].

"John C. Baldwin,     [Seal]."

Wm. Baldwin, the grantor in this deed, departed this life some time in the early part of the year 1876.

In November, 1876, Frank Baldwin, one of the children mentioned in said deed filed his bill, against the executrix of Wm. Baldwin, in the circuit court of Charlotte county, in which bill, after setting forth in detail the provisions of the deed above quoted, alleged that Jno. C. Baldwin, the trustee named in said deed, took possession of the property conveyed therein, and held and managed the same in accordance with the terms of said deed; that he settled his accounts annually, and paid over the net proceeds (his own share excepted) to the said Wm. Baldwin.

The bill further alleges that at the time of the execution of said deed complainant was only 17 years old, and that some time previous—to-wit: in October, 1866—he left his father's house and went into business to provide for himself and make his own living, and from that time until he attained the age of 21 years, which occurred in September, 1877, he never received any payment or advancement from his father except the sum of one hundred dollars sent to him while living in the county of Buckingham, which he was informed was a payment on account of the proceeds of crops made on "Halifax Quarter" (the land conveyed by said deed) in the year 1869.

Complainant further insists that under and by virtue of the terms of said deed, he was entitled to receive from the date thereof one-sixth of the net proceeds arising from said property, and that his father, Wm. Baldwin, by virtue of said deed, in which he undertook to collect and disburse said proceeds for the benefit of his children, constituted himself their guardian, and that he is liable to account to complainant for his share of said proceeds in the same manner as if he had regularly qualified as his guardian.

To this bill the executor of Wm. Baldwin is made the only party defendant, and the prayer of the bill is, that accounts be taken of the amounts received by Wm. Baldwin from Jno. C. Baldwin, the trustee, and that there may be decreed to complainant whatever sum may be made to appear upon settlement of said account, and the bill concludes with a prayer for general relief.

The bill is answered by the executrix of Wm. Baldwin. Her defence to the claim asserted is placed upon two grounds, *first,* that by the terms of the deed the grantor retained the right to control the income derived from the estate conveyed, and, *second,* because complainant never having made any demand during his father's lifetime, it was too late to make it after his father's death.

It is insisted upon the first ground (the only one I think necessary to be noticed hereafter) that the grantor retaining control over income from the property conveyed, the deed clearly indicates that as to that the gift to his children was not complete, and that he still retained the right to dispense his bounty or to withhold it, and such being the case the complainant had no right of action. Under this bill and answer, accounts were ordered and various proceedings taken and exceptions filed not necessary to be noticed now.

The result of the litigation between the parties was, that the circuit court of Charlotte was of opinion, and so held, that the deed of February 27th, 1867, from William Baldwin to John C. Baldwin "created a trust for the *equal benefit* of the six children of William Baldwin named in said deed, in the property thereby conveyed, and the profits therein, whether the same remained in the hands of the trustee, John C. Baldwin, or was by him paid over to said William Baldwin, according to the terms of said deed; and that each of said children is entitled to one equal sixth part of the profits of said property that had been collected by said William Baldwin, and not accounted for by said child or children by the said William Baldwin." And the decree further (in accordance with the principles thus declared) directed accounts to be taken of the amounts of the profits of the estate conveyed by William Baldwin to John C. Baldwin, trustee, collected and received by said trustee, and paid over by him to William Baldwin, and how he, William Baldwin, had disposed of the same.

It is from this decree that an appeal was allowed by one of the judges of this court.

I am of opinion that there is no error in this decree.

The main question we have to determine is, whether the construction given by the court below to the deed, above recited, is correct. I am of opinion that the construction given to said deed is plainly right.

It is plain that the grantor, by that deed, divested himself of the estate conveyed, and created trusts in favor *of each* of the beneficiaries named in the deed. It was plainly not a *blended trust* for the *joint* benefit of all the beneficiaries, but a specific trust for each. This is manifest from the fact that he named the beneficiaries specifically. The language of the deed is, "that the said John C. Baldwin shall hold the same in trust for the equal benefit of the said William Baldwin's six younger children—to wit," naming them. And it is the more manifest from that provision of the deed which requires the trustee "to render accounts annually and pay over to said William Baldwin the net proceeds for the benefit of the children, reserving *his own share.*"

These provisions of the deed plainly, I think, show that the beneficiaries under it were not entitled merely to the joint use of the profits of the estate conveyed, but that *each* of them was entitled to demand and receive what amount was dedicated by the deed—to wit: to one-sixth part of the profits of the estate. Each one had a right to demand and receive what was due to him or her out of the funds paid over by the trustee to the grantor, William Baldwin. The complainant was entitled to one-sixth part of the fund received from the trustee, subject, of course, to any amount which had been paid to him out of the trust fund.

Of course, I do not mean to express any opinion as to whether, if the other children of the deceased, who lived with him and were supported and educated by him, should assert their claims against the trust fund, such support and maintenance by the father might not be a proper offset against such claim. On this point I express no opinion, as the main ground of defence relied upon to defeat the claim of the appellee (the complainant in the court below) is that provision of the deed which declares that the "said Wil-

liam Baldwin reserves the right to control the manage-
ment of said estate, and at any time to order a sale of any
part, as in his judgment may be to the interest of said
children, or divide off any portion to the children as they
become of age," &c.

. I think it is plain that this reservation "to control the
management of the estate" conveyed, and to "order at any
time a sale of any part" or division of the property, did
not in any manner interfere with the trusts declared by the
deed. It was a provision in aid of those trusts and con-
sistent with them. It was only intended that he should so
far control the management of the trusts declared as to
carry them out by sale or division or otherwise. Certainly
such a provision cannot be construed to mean that he re-
tained in his hands absolute dominion over the property
conveyed. The very object of the provision was to carry
out, and not to destroy the trusts he had created.

By this deed he divested himself of all title to this prop-
erty, and conveyed it to a trustee for specific and declared
purposes. At once, upon the execution of the deed, the
legal title was invested in the trustee, and the beneficiaries
(his children) had vested interests in the property conveyed.
His retention of the power to control the management of
the property, and of its sale or division, gave him no do-
minion over it except in the interests of the beneficiaries
in the trusts, plainly and solemnly by deed declared in
their favor. It is plain that this was the whole scope and
purpose of the provision referred to and set out in the
deed.

My conclusion, therefore, is that the construction given
by the circuit court to the deed under consideration was
plainly right; that this deed vested in each of the chil-
dren of William Baldwin one-sixth part of the profits of
the estate conveyed, and each one of them had a vested
right in these profits, and that the complainant had a right

to go into a court of equity and demand an account of these profits.

This disposes of the main question in the cause.

There is one other question, however, raised by the learned counsel for the appellant, it is proper to notice. He objects to the competency of a witness—John C. Baldwin. In my view of the case, it is not necessary to pass upon this question, though I am inclined to think he was a competent witness. Without the testimony of this witness, the evidence before the commissioner was sufficient to establish the claim of the complainant. The exception taken to the papers filed before the commissioner, showing statements of the amounts received by William Baldwin from John C. Baldwin, trustee, was an exception, not to the competency of the evidence, but to its sufficiency. If the objection had been made to the competency of the witness to prove the handwriting of William Baldwin, then the appellee might have called another witness to prove the handwriting, and no doubt could have produced such witness. Exceptions must always point specifically to the grounds of objection, so as to put the opposing party upon notice of the real ground of objection. As was well said by Judge Burks in *Crockett* v. *Sexton,* 29 Gratt. p. 55, "In all cases, I take it, where exceptions are necessary at all, they should specify with reasonable certainty the particular grounds of objection, so as to enable the opposing party to see clearly what he has to meet, and the court what it has to decide."

I think the evidence before the commissioner, even if the testimony of John C. Baldwin be excluded, is sufficient to establish the complainant's demand. I think it unnecessary to notice other points made in the petition on appeal.

The main question in the case turns upon the construction to be given to the deed above recited. Under that

deed each of the children named were vested, upon its execution, with one-sixth part of the property conveyed, and the same proportion of the profits derived from the same and that the only control which the grantor retained was the management of the property in aid of the trusts created, and that each of the beneficiaries had a right to call either upon the trustee, John C. Baldwin, or the grantor, William Baldwin (to whom, by the terms of the deed, the profits of the estate were to be paid over), for an account of such profits.

I am therefore of opinion that there is no error in the decree of the circuit court of Charlotte, and that the same should be affirmed.

DECREE AFFIRMED.