# Staunton.

## WOODRUFF AND WIFE V. PLEASANTS AND ALS.

### SEPTEMBER 17TH, 1885.

WILLS—*Construction.*—Testator says: "All the rest of my estate * * * I give in trust to my grandchildren by my sons J., L. and W., now born or hereafter born, to be divided equally between them, my sons acting as trustees, each for his own family, * * * * and dividing out to each child, as he or she may come of age or marry, his due share of said estate : provided always, that the right of survivorship shall be to the rest of each family of children in case any child of either family shall die under age, unmarried and without children." * * *

HELD :

    1. The title to the property on testator's death vested in his three sons, in trust for their respective families.

    2. The property vested beneficially, on testator's death, in the grandchildren then born, subject to open and let in after-born grandchildren.

    3. If any of the grandchildren die under 21 years of age, unmarried and without children, his or her share survives to his or her brothers and sisters.

    4. The devise is not void for remoteness.

Appeal from decree of circuit court of Amherst county, rendered in the cause of Woodruff and wife and als. against Pleasants and als.

The object of the suit was to construe the fourth section of the will of George T. Pleasants. The decision being adverse to the complainants, they obtained an appeal and writ of *supersedeas* from one of the judges of this court.

Opinion states the case.

*L. S. Marye,* for the appellants.

*R. A. Coghill,* for the appellees.

HINTON J., delivered the opinion of the court.

This was a suit brought in the circuit court of Amherst county by the two daughters of George T. Pleasants, deceased, to obtain a construction of the fourth clause of his will, which is in the words following:

"4th. All the rest of my estate not hereinbefore disposed of, including the remainder interest in the real and personal property (with the increase of the latter), given to my wife for life, and not consumed in the use, I give, bequeath and devise in trust to my grandchildren by my sons John W., L. Philip and James W. Pleasants, now or hereafter born, to be divided equally between them, my said sons acting as trustees, each for his own family, and managing the same as they may think best for their children, in reference both to their support and education, and dividing out to each child, as he or she may come of age or marry, his due share of said estate: provided always, that the right of survivorship shall be to the rest of each family of children in case any child in either family shall die under age, unmarried and without children; and provided also, that the legal title hereby given to the trustees is not to subject said estate in any way, either as to the principal or profits, to the payments of their debts, contracts or liability, either now or hereafter contracted or incurred."

The plaintiffs, in their bill and brief of counsel, assert that this clause creates a perpetuity, and that for this and other reasons which they assign the devise is void.

But the court below, by its decree, held that the devise is not void, either for remoteness or uncertainty, but that it is a valid and lawful devise, in which the plaintiffs have no interest, and dismissed the bill; whereupon this appeal was applied for and allowed.

Now, from a simple inspection of this instrument, it is evident that some of the words of this clause have been misplaced by the draftsman, and that this has produced some slight confusion in the arrangement of some of the opening sentences of the clause—not enough, however, to entirely obscure the meaning of the testator, but enough to render it necessary for us to arrive at its meaning rather from a comparison of its various provisions than from the regular and orderly reading of the words as they occur in the clause.

Looking, then, to the fact that he gives all of his property in this clause mentioned "in trust" *for*—as it obviously was intended to be, and not as it is, "to"—his "grandchildren by his sons"; and that those sons are to act "as trustees, each for his own family"; and that the legal title hereby given to said trustees is not to subject said estate "in any way, either as to the principal or profits, to the payment of their debts," &c., it seems to me to be perfectly manifest that the intention of the testator was that the title to this property should vest, at his death, in his three sons in trust for their respective families until the last grandchild should attain the age of twenty-one years or marry; whilst the provision that this property is to be managed with "reference to their support and education" shows with equal clearness that it was his purpose that his grandchildren, whether born or to be born, should be vested with the beneficial interest in this property as soon as they could possibly take after his death; and the words which refer to the "dividing" of the property, I take it, relate to the time of the actual enjoyment of the property, and not to the vesting of the estate in them.

It is contended, however, on behalf of the appellants, that the devise is to the grandchildren as a class, and that they take *per capita,* and not *per stirpes.*

The suggestion, however, appears to me to be rather plausible than sound. In my opinion this word grandchildren was not used in its technical sense, meaning a body of men uncertain in number at the time of the gift, and to be ascertained at some period of time in the future, who are all to take of an aggregate amount in definite proportions, the share of each being dependent for its amount upon the ultimate number of persons amongst whom the gift is to be devided; but it was used in its popular sense, to designate by one set of words the relationship in which all of the parties who were to take stood to him, the testator. And I am led to this conclusion mainly from the consideration that here there were three classes of grandchildren—the children of his three sons—and the devise seems to be, to these three classes, as so many different families, each son acting as trustee for his own family. If these grandchildren did not take *per stirpes,* but *per capita,* then, of necessity, the property confided to the management of each son as trustee for his family would be a variable quantity. For instance, to take the case put in the brief of the appellees: suppose each son had a child at the testator's death, then each trustee would take one-third of the estate. But suppose another child was born to one of the sons. Then, if the grandchildren were to take *per capita,* the trust of that son would increase to one-half of the estate, and the trust of the two other sons would be reduced to one-fourth of the estate each, and the relative state or condition of these trusts would be changing with every new birth of a grandchild. That such was the intention of the testator we cannot for one moment believe; on the contrary, I think he intended the proportion of his estate which was to be confided to each of his sons as

trustee should be a definite and fixed quantity—to-wit: one-third of the property conveyed by this clause, in value; and "this could only be the case upon the idea that the *per stirpes* rule is to prevail." And this is evidently what he meant when he wrote, "to be equally divided between them, my said sons acting as trustee," which will appear more clearly if we omit the comma after the pronoun "them," and place a semi-colon after the word " born," so that the sentence will read: "All the rest of my estate not, &c., * * * I give, bequeath and devise in trust for my grandchildren, by my sons John W., L. Philip and James W. Pleasants, now or hereafter born; to be equally divided between them my said sons acting as trustees, each for his own family," &c.

I am also of opinion that the legitimate issue of any grandchild who may marry and die under the age of twenty-one years cannot take under the will of the testator, but can only take by descent from his or her immediate ancestor (the grandchild) in whom the legacy must have vested either at birth or upon the death of the testator. I am of opinion, therefore, that there is no uncertainty in this clause of the will, but that upon a true construction of it will appear—

1st. That the title to all the property on the testator's death vested in his three sons in trust for their respective families.

2d. That the property vested beneficially at that time, to wit: upon the death of the testator in the grandchildren then born, subject to open and let in after born grandchildren ; and

3d. That if any of the grandchildren should die under twenty-one years of age, unmarried and without children, his or her share of the legacy devised to the grandchildren will survive and go to the other grandchildren of the stock to which the one so dying belonged.

It now simply remains for us to consider whether this devise, valid in all other respects, is void for remoteness. And in

deciding the question of remoteness, the rule is that the state of circumstances at the date of the testator's death, and not their state at the date of the will, is to be regarded. Now every executory limitation, whether of real or personal estate, in order to be valid must vest in interest, if at all, within a life or lives in being and ten months (the utmost period of gestation), and twenty-one years thereafter. 2 Minor's Inst. 3d Ed., p. 376; Jarman on Wills, 253; *McArthur* v. *Scott,* 113 U. S. R. 382.

But in this case, as we have seen, the legacies vested in the grandchildren who were then born immediately upon the death of the testator. It could not, therefore, by any possibility be too remote. It was the case of a man providing for his own grandchildren, and in such a case a testator is in less danger of transgressing the rule against perpetuities than when the objects of his bounty are the grandchildren or even children of another, since in the former case he has only to avoid postponing the vesting of the grandchildren's shares beyond the age of twenty-one years, and then the fact of the gift extending to after-born grandchildren would not invalidate, because all of the children of the testator must be *in esse* at his decease, and their children must be born in their lifetime, so that they necessarily come into existence during a life in being.

The same result would follow, as I think, if these legacies, instead of vesting as they do upon the death of the testator, only vested in the grandchildren, as the court below thought, as they attained the age of twenty-one or married. For the testator Pleasants died leaving all of his children living, and inasmuch as none of these sons could have a child except within the prescribed period, and as the legacies must vest in the supposed case within twenty-one years thereafter, it would seem to be clear that the limitation even then would not exceed the period of a life or lives in being and ten months and twenty-one years.

As we have before intimated, we think that the circuit court of Amherst county only erred in holding that the legacies vested in the grandchildren as they became of age or married. The result is that the plaintiffs have no interest in this devise, and that the decree of the said circuit court must be amended in the respect above indicated, and as amended be affirmed.

DECREE AMENDED AND AFFIRMED.