BOWEN v. EVANS ET AL., EX'RS.

1. **Estates of Decedents:** GENERAL LEGACY: PAYMENT OF LEGATEE'S DEBT TO ESTATE: INTEREST. A general legacy is not payable at once upon the death of the decedent, and so does not operate at that time as a payment of the legatee's debt to the estate, but such debt continues to bear interest until such time as enough of the legacy is due, in the lawful administration of the estate, to cancel it.

2. ——: CLAIM AGAINST: INTEREST. One who has a valid claim against an estate for boarding the decedent is entitled to interest on such claim.

*Appeal from Appanoose Circuit Court.*

·THURSDAY, DECEMBER 16.

THE defendants are executors of the last will and testament of B. Bowen, deceased. The plaintiff filed a claim against the estate of said Bowen for boarding him for several years prior to his death. This claim amounted to some $2,700. The defendants set up, as an offset against said claim, certain promissory notes held by the deceased against the plaintiff. There was a trial by the court without a jury, and the claim of plaintiff was allowed, with interest. The notes were also allowed as counter-claims, and a balance of $1,243.36 was found to be due from the plaintiff to the estate. The plaintiff is one of the legatees under the will of B. Bowen, and the court ordered that the sum found to be due the estate should be deducted from the legacy of the plaintiff. Defendants appeal.

*Vermilion & Evans*, for appellants.

*Geo. D. Porter, A. J. Baker* and *W. G. Moore*, for appellee.

ROTHROCK, J.—The deceased left an estate of not less than $140,000. It consisted of moneys and credits, chattel property and land. By the last will and testament the plaintiff was bequeathed three-fourths of one-sixth of the whole estate. This legacy far exceeded the plaintiff's indebtedness to the estate. This indebtedness, however, was evidenced by promissory notes, which drew interest. In settling the rights of the parties, the court below held that the legacy to plaintiff vested in him at once upon the death of the testator, and that interest should be computed on the notes which the estate held against the plaintiff to the date of the death of the decedent, and not afterwards. The executors claim that interest should be computed on the notes up to the time the plaintiff received sufficient of his legacy to extinguish the notes.

*1. ESTATES of decedents: general legacy: payment of legatee's debt to estate : interest.*

This legacy is not what is denominated a "special legacy;" that is, it was not a bequest of specific property. It was a share in the whole of decedent's property, which was to be ascertained and paid in money to the plaintiff in the due and proper course of the settlement of the estate. It was not due until such time as it was properly payable under the laws governing the settlement of estates. The debts due from the plaintiff to the estate were not extinguished until the legacy was legally due from the executors. The record does not show that the executors delayed the payment of plaintiff's legacy unreasonably.

The decedent died on the fourth day of April, 1884. In August, 1885, the executors credited one of the notes with $2,400, and in September of the same year another credit of $3,000 was made, and in December, 1885, there was an

indorsement of $1,500. These credits represent a part of plaintiff's legacy under the will. The record does not show when the executors qualified and entered upon the discharge of their duties. The legacy was not payable until the expiration of twelve months after giving notice of administration. Code, § 2431.

Now, while it is true, as claimed by plaintiff, that the legacy vested in him at the death of the testator, it was not due and payable, and could not be used in payment of the notes, until such time as the executors might lawfully pay the legacy. It seems to me that the interest on the notes should be reckoned up to the time the legacy became due. The will did not discharge the plaintiff's debt to the testator. It provided the plaintiff with a legacy by which he was enabled to pay his debt, and the debt to the estate was a valid obligation until such time as the plaintiff had the right to demand the payment of his legacy. There is nothing in this record to show that the executors have unreasonably delayed the settlement of the estate and the payment of the legacies. If there has been such delay, the plaintiff has the right, upon ten days' notice, to compel payment by a summary proceeding in the circuit court. Code, § 2435. All of the cases cited by counsel for appellant, including *Moore v. Gordon*, 24 Iowa, 158, hold, in effect, that a legacy or distributive share in an estate vests in the heir or legatee at the death of the testator or intestate. But they do not hold that a general legacy operates as the payment of a debt due from the legatee, and that such payment is regarded as made at the date of the death of the testator.

II. Complaint is made because the court below allowed interest on the claim made by plaintiff against the estate. 2. ——: claim against interest. This objection does not appear to be well founded. The plaintiff was entitled to interest, and, under the pleadings, it was not erroneous to allow it.

For the error in refusing to allow the estate interest on the notes held by the executors the judgment of the court below will be                                    REVERSED.