## Baily's Estate.   Matlack's Appeal.

*Will—Legacy to debtor—Release—Set-off.*

A legacy by a creditor to his debtor does not operate as a release or extinguishment of the debt, unless it clearly appears to have been the intention of the testator that it should so operate.

Testator bequeathed to "Ebenezer Worth nine thousand dollars, to be held (in trust), pay the interest to him yearly. At his death pay this to Marshalton, West Bradford Meeting." At the time the will was executed, and also when it took effect, the legatee's indebtedness to the testator was so largely in excess of the bequest that the interest payable to him annually under the will was insufficient to pay the interest on his indebtedness to the estate. There was nothing in the will itself nor dehors the instrument, which showed any intention to release the legatee's indebtedness. *Held,* that the debt could be set off against the legacy, and the legatee and his attaching creditors excluded from any participation in the fund.

Argued Feb. 6, 1893.   Appeal, No. 71, July T., 1892, by M. H. Matlack & Co., attaching creditors of legatee, from decree of O. C. Chester Co., distributing estate of Richard B. Baily, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Audit of account of executor of Richard B. Baily, deceased.

The auditor, H. H. Gilkyson, Esq., reported the facts as stated in the opinion of the Supreme Court, and, relying upon the authorities cited in the opinion of the Supreme Court, disallowed the claim of M. H. Matlack & Co., to recover the amount of a judgment from the legacy bequeathed to Ebenezer Worth. The claimants filed exceptions to the report, alleging that the auditor erred in concluding as matter of law, (1) that the indebtedness of Ebenezer Worth to the decedent was a set-off against his legacy under the will; and (2) that the amount paid on the Phipps bond was a set-off; (3) in not awarding the interest on the Worth legacy to exceptants.

The court, HEMPHILL, J., overruled the exceptions, and entered a decree in accordance with the recommendation of the auditor.

*Errors assigned* were (1–3), dismissing exceptions, quoting them.

*J. Frank E. Hause, R. Jones Monaghan* with him, for appellants, cited Ziegler v. Eckert, 6 Pa. 13 ; Horner v. McGaughy,

62 Pa. 189; Alleyn v. Alleyn, 2 Ves. Sr. 37 ; 2 Williams on Exr's, 1168.

*Chas. H. Pennypacker, Warren W. Hole*, of Ohio, and *Butler & Windle* with him, for appellee, cited: Frantz v. Brown, 17 S. & R. 287 ; Bredin v. Neal, 3 P. & W. 190 ; Keim v. Muhlenberg, 7 Watts, 79 ; Strong's Ex'r v. Bass, 35 Pa. 334 ; Thompson's Ap., 42 Pa. 358 ; Bouslough v. Bouslough, 68 Pa. 498 ; Phila. v. Davis, 1 Whart. 510 ; Zimmerman v. Zimmerman's Ex'rs, 47 Pa. 381.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 6, 1893 :

This contention arose in the distribution of $79,393.03, proceeds of the personal estate of Richard B. Baily, deceased, who by his last will made August 16, 1890, four days before his death, bequeathed to " Ebenezer Worth nine thousand dollars, to be held (in trust), pay the interest to him yearly. At his death pay this to Marshalton, West Bradford Meeting."

At the time said will was executed and also when it took effect, the legatee's indebtedness to the testator, after crediting net proceeds sheriff's sale of mortgaged premises, was $11,322.84. Since the testator's decease, his executors were required to pay $3,681.96, for which he was liable as surety for said legatee on his bond as guardian of Jessie A. Phipps. Thus, legatee's indebtedness to the estate, at time of distribution, was over $15,000, a sum so largely in excess of the bequest that the interest payable to him annually under the will was insufficient to pay even the interest on his indebtedness to the estate. The question was whether that indebtedness could be set off against the legacy. If it could, there was of course nothing due or to become due and payable out of the fund, either to the legatee himself, or to the appellants, his attaching creditors. The learned auditor held that both items of legatee's indebtedness to the estate were proper matters of set-off against the legacy, and distributed the fund accordingly. The orphans' court, being of same opinion, confirmed his report, and made the decree complained of, excluding the legatee and his attaching creditors from any participation in the fund. In this we think there was no error.

The general rule is that a legacy by a creditor to his debtor does not operate as a release or extinguishment of the debt,

unless it clearly appears to have been the intention of the testator that it should so operate: 13 Am. & Eng. Enc. Law, 80, and cases there cited; 2 Story's Eq. Jur. § 1123; Roper on Legacies, 2 Am. ed. *1064; Bowen v. Evans, 70 Iowa, 368. The intention referred to may be gathered from the will itself; and, in the absence of any clearly expressed or implied intention in the will, evidence thereof dehors the instrument may be resorted to: Zeigler v. Eckert, 6 Pa. 13. In this case, the will is silent on the subject. The only other reference to the legatee is in the clause of the will wherein the executors are directed " to pay to the bank of Chester county three thousand dollars, for Ebenezer Worth, son of John Worth deceased." No implication of intention to release the legatee's indebtedness to testator fairly arises from this or any other provision of the will; and no evidence outside that instrument was either introduced or proposed. There appears to be nothing in the record that would justify a reversal or modification of the decree.

Decree affirmed and appeal dismissed, with costs to be paid by appellants.