### Staunton

TAYLOR AND OTHERS V. CARTER AND OTHERS.

September 9, 1915.

Absent, Keith, P., and Cardwell, J.

1. WILLS—*Debts—Presumption of Payment—Advancements.*—The claim of appellants that certain notes given by them to the testator, in his lifetime, for loans made to them, are barred by the common law presumption of payment, and also that the sums represented by such notes should be treated as advancements, is not sustained by the evidence.

2. EVIDENCE—*Execution of Note—Denial Under Oath—Code, Section 3279—Wills.*—Where a bill filed by an executor against a legatee and others alleges that the legatee was indebted to the testator and still is indebted to his estate, in the sum of $300, evidenced by a note executed by the legatee of the testator, with interest from May 20, 1896, no proof of the execution of the note is necessary under section 3279 of the Code, in the absence of any affidavit denying the fact.

3. WILLS—*Case in Judgment—Debts Due by Legatees—Interest—Advancements.*—A will declared that "any person who shall take under my will and who shall be indebted to my estate shall pay any sums owing before participating in any estate received hereunder." Two of the legatees were indebted to the testator, evidenced by notes payable in Indiana, carrying eight *per cent.* interest. The bill alleges that this rate was legal in Indiana, and the answers of the legatees do not deny that fact. The legatees admit that a rate of six *per cent.* would apply, if any interest at all is to be charged, but insist that the provisions of the will are inconsistent with a charge of any interest, and that the sums received should be treated as advancements. The trial court decided that interest should be charged at eight *per cent.*, but if charged at only six *per cent.* their whole interest in the estate would be consumed.

*Held:* The legatees were properly chargeable with interest, and if it was error to fix the rate at eight *per cent.*, it was harmless. The fact that, in the result, they get nothing under the

will cannot change the construction of the language used. The whole question is one of intention of the testator. The contention of the legatees either as to principal and interest of their notes, or as to the interest only, would result in a preference and advantage to them in plain contravention of the general purpose manifested in the will.

4. WILLS—"Heirs"—Case in Judgment.—A testator bequeathed his estate, consisting entirely of personalty, to the "heirs" of his brothers and sisters. A brother, supposed to be dead, survived him.

Held: The word "heirs" may mean children or descendants of a living person, or other kindred not within the technical definition of the word, and, in the case in judgment, was not used in a technical sense, and hence, in the distribution of the estate, the family of the surviving brother should be dealt with as if the said brother had been dead at the time the will was executed.

Appeal from a decree of the Circuit Court of Scott county. Decree for the complainant. Some of the defendants appeal.

*Affirmed.*

The opinion states the case.

*W. S. Cox* and *Richmond, Chambers & Bowlin,* for the appellants.

*S. H. Bond,* for the appellees.

KELLY, J., delivered the opinion of the court.

This suit in equity was brought by the executors of the will of W. P. Hickam to obtain a construction thereof and a settlement of the testator's estate. From a decree construing the will and giving certain directions to the executors, this appeal was granted.

All of the questions involved in this case arise out of the fourth and fifth clauses of the will, which are as follows:

"Fourth. I give and bequeath to the heirs of my brothers and sisters all the remainder of my estate of whatever kind and wherever located, in equal parts.

"Fifth. Any person who shall take under my will and who shall be indebted to my estate shall pay any sums owing before participating in any estate received hereunder. Upon some such sums the statute of limitations will now apply, but these are also included."

The testator had three brothers and three sisters, all of whom had descendants. The brothers and sisters, with the exception of one brother, were dead when the will was made, and the testator seems to have believed that this surviving brother was also dead. The appellants are nephews of the testator and owed him certain debts which were barred by the statute of limitation.

We will dispose of the assignments of error in the order in which they appear in the petition for the appeal.

1. It is urged that the court erred in directing that I. F. Taylor, one of the appellants, should not participate in the distribution of the assets until he should pay the indebtedness alleged to be owing from him to the estate. This indebtedness was evidenced by Taylor's note to Hickam for $300, dated March 6, 1893, and payable one day after date. Taylor pleaded and here invokes the common law presumption of payment arising after twenty years. More than twenty years had elapsed since the maturity of the note, but any presumption of payment is conclusively repelled by the facts and circumstances of the case. The note which was found among the testator's papers, was left by the executors with an officer of the bank at Gate City for safekeeping. Taylor called at the bank and asked to see the note and finding that it provided for 8% interest, said that he would pay only 6%, and that he did not think he could be made to pay the higher rate. This and

the W. T. Derting note, hereinafter mentioned, appear to have been the only debts to which the testator could have referred in the last sentence of the 5th clause of his will. Neither Taylor nor Derting claimed that the debts were in fact paid, nor did they offer any evidence tending to show payment. These latter circumstances alone are in our opinion entirely conclusive as against any presumption of payment in appellants' favor.

2. W. T. Derting, the other appellant, contends that there was no proof of the note alleged to be owing from him to the estate and that the decree is for this reason erroneous. This position is not tenable. The bill alleges that "W. T. Derting was indebted to the testator when he made his will and is still indebted in the sum of $300 with eight *per cent.* interest from May 20, 1896, evidenced by a note payable in the State of Indiana which the said Derting executed to be payable in Indiana, etc." In view of this allegation no proof of the execution of the note was necessary. There was no affidavit denying the fact, and section 3279 of the Code therefore dispenses with the necessity for proof.

3. The third assignment of error deals further and more elaborately with the doctrine of presumed payment, but we deem it unnecessary to add anything here to what was said upon this point under the first assignment. The authorities cited by counsel for appellants are not, as we think, applicable to the facts of this case.

4. Both appellants claim that the court erred in holding them liable for eight *per cent.* interest upon the principal amounts of their respective notes. The notes provided for this rate of interest. The bill alleges, in effect, that they were payable in Indiana and that eight *per cent.* is a legal interest rate under the laws of that State. There is no denial of these allegations in the answers. But, conceding that the court erred in allowing interest at the rate of eight

*per cent.* in the absence of any proof as to the Indiana interest laws, the appellants admit that a rate of six *per cent.* would legally apply if any interest at all is to be charged, and we cannot accept their contention that the provisions of the will are inconsistent with charging any interest on these notes. The total value of the estate sufficiently appears in the record, and a very simple calculation demonstrates that whether the interest be charged to appellants at eight or at six *per cent.* the debt of each will exceed his share in the estate, and, therefore, if it was error to charge them with the higher rate, the error was harmless. No personal judgment was rendered against them.

5. We find nothing in the facts of the case to warrant the claim of appellants that the sums represented by their notes to the testator should be treated as advancements. There was manifestly no such intention on the part of the testator.

6. The appellants insist that the court erred in directing that the estate be divided into six instead of five equal parts. This contention involves the construction of the fourth clause in the will. Isaac Hickam, a brother, survived the testator, but it is alleged in the bill and admitted in the answers that the latter did not know this brother was living. The court directed the executors to divide the estate into six equal parts, "dealing with the family of the said Isaac Hickam as if he had been dead at the time the will was executed." We are of opinion that this direction was proper. It is true that a living person has no "heirs" according to the strict technical import of that term, but the term does not always bear that import, and may mean children or descendants of a living person or other kindred not within the technical definition of the word. 4 Words and Phrases, 3243, *ct seq.; Roberson* v. *Wampler,* 104 Va. 380, 383, 51 S. E. 835, 1 L. R. A. (N. S.) 318; *Commonwealth* v. *Wellford,* 114 Va. 372, 376, 76 S. E. 917; *Bane*

107

v. *Adair*, 116 Va. 587, 594, 82 S. E. 734; 6 N. S. Encyc. (Michie) 691; 21 Cyc. 414. The estate of the testator consisted of personal property, and therefore the word "heirs," which is only applicable in its technical sense to takers of real estate, must have been used by the testator in its more general rather than in its stricter meaning. We think it is clear that he intended to include the family of Isaac Hickam

7. The remaining ground upon which we are asked to reverse the decree complained of is that the construction which the court placed upon the will results in "disinheriting the appellants contrary to the spirit of the will." We are unable to appreciate the force of this contention. The testator clearly had the right to make such a provision as the court held he did make. The whole question is one of intention on the part of the testator, and we are of opinion that the construction adopted by the lower court was the correct one. To sustain the contention of appellants, either as to the sum of principal and interest on their notes, or as to the interest only, would be to reduce the aggregate value of the estate and at the same time permit them to share with the other legatees in its distribution as thus reduced. This would result in a preference and advantage to them in plain contravention of the general purpose manifested in the will.

There was no error in the decree appealed from and it must be affirmed.

*Affirmed.*