Staunton.

NICHOLS, TRUSTEE, V. NICHOLS AND OTHERS.

September 17, 1919.

1. WILLS—*Construction*—*Trust Fund for Benefit of Grandchildren and After-Born Grandchildren*—*Case at Bar.*—A testatrix gave the residue of her estate in trust to trustees to hold for ten years for the benefit of her grandchildren, share and share alike. At the expiration of the ten years the principal was to be divided between her grandchildren then living, issue of any dead to take their parent's share, after-born grandchildren "to come into the distribution" with those *in esse.* The trustees were authorized to pay to any adult grandchild, before the expiration of the ten years' period, his or her share of the fund, upon the execution of bond to account for and pay back of the amount received its pro rata share of what might thereafter come due to any after-born grandchild. Upon the regular division of the principal fund after the expiration of the ten years period, like bond was to be given by the distributees for the benefit of after-born grandchildren, unless the trustees should deem it wholly unnecessary.

   *Held:* That a grandchild born after the expiration of the ten years' period was entitled to share in the trust fund.

2. WILLS—*Construction*—*Distribution in Natural and Reasonable Manner.*—Even where the testator's intention is ambiguous or obscure, that construction should be adopted that will dispose of the property in a just, natural and reasonable manner, such as will bring about an equal distribution among the beneficiaries when that is the manifest purpose. And *a fortiori* must that principle obtain where the intention is unambiguous and clear.

3. WILLS—*Construction*—*Meaning Plain.*—Where the intention of the testator is clearly expressed and his meaning plain, there is no occasion to resort to rules of construction.

4. WILLS—*Construction*—*Trust Fund for Benefit of Grandchildren and After-Born Grandchildren*—*Income of Fund*—*Case at Bar.*—In the instant case the will provided that the income of the trust fund created by it should be paid to testatrix's respective grandchildren. Testatrix declared that her intention

7

was that her grandchildren, including those after-born, should share in the income of the estate during life to the expiration of the ten years' period.

*Held:* The grandchild born after the expiration of the ten years' period was not entitled to share in the income paid out to living grandchildren during the ten years' period.

Appeal from a decree of the Corporation Court of city of Roanoke, construing a will.

*Reversed.*

The opinion states the case.

*Hoge & Darnall,* for the appellants.

*H. M. Fox,* for the appellees.

Whittle, P., delivered the opinion of the court.

This appeal is from a decree of the Corporation Court of the city of Roanoke, construing the third clause of the will of Mrs. S. N. Nichols, deceased. So much of the clause as is necessary to be stated is as follows:

[1, 2] "All the rest and residue of my estate consisting mainly of bonds, stocks and such investments, I give and bequeath in trust to my said sons, Geo. S. Nichols and J. R. Nichols, * * * to be held, controlled, invested and reinvested from time to time as may be necessary or judicious and proper, for the period of ten years, for the use and benefit of my respective grandchildren, share and share alike, and any after-born grandchild or grandchildren to come into the distribution. The net income of said trust fund during said period of ten years shall be paid to my respective grandchildren * * *. At the expiration of said ten years then the principal of said trust estate shall be divided between my grandchildren then living, and if any shall have married and died leaving issue, said issue is to

take the parent's share * * *. My intention is that my grandchildren, including those after-born, shall share in the income of my estate during life to the expiration of said ten years after my death, but that upon dying before that period, unmarried and without lawful issue, then the share or shares of any one or more dying shall remain a part of said trust estate for division among those living and entitled as hereinbefore directed.

"And I give authority to my said trustees, or the one acting, if they or he shall deem it judicious, to pay to any adult grandchild before the expiration of said ten years, the then share of such grandchild in the principal fund, provided that as a condition to such payment of any grandchild, he or she shall execute a proper bond with good surety to account for and pay back of the amount received, its pro rata share of what may thereafter come due to any after-born grandchild. And upon the expiration of said ten years and at the regular division of said principal trust fund, like bond and surety for such refunding shall be required from or on behalf of the respective legatees or distributees unless my said trustees, or the one acting, shall deem it wholly unnecessary."

The ten years' period referred to in the third clause of testatrix's will expired on February 10, 1917, since which date another grandchild of testatrix, Ralph St. George Nichols, has been born. The principal of the trust fund is still undistributed, and the sole question for our determination is whether under the terms of the third clause of the will this after-born grandchild is entitled to share in the trust fund.

This appeal is from a decree of the trial court resolving that question adversely to the after-born grandchild.

Read in its entirety, we find no ambiguity or obscurity in the third clause of the will. There seems no escape from the

conclusion that the objects of testatrix's bounty with respect to the trust fund were her grandchildren, both born and after-born, as a class. To hold otherwise, we should be forced to ignore the repeated declaration of testatrix that any after-born grandchild or grandchildren were "to come into the distribution" with those *in esse*, "share and share alike;" and the provision authorizing the trustee to pay to any adult grandchild, before the expiration of the ten years' period, his or her share of the principal trust fund, upon the execution of "bond with good surety to account for and pay back of the amount received its pro rata share of what may thereafter come due to any after-born grandchild;" and the provision as to refunding bonds upon the regular division of the principal trust fund after the expiration of the ten years' period. The established rule is that even where the testator's intention is ambiguous or obscure, that construction should be adopted that will dispose of the property in a just, natural and reasonable manner, such as will bring about an equal distribution among the beneficiaries when that is the manifest purpose. And *a fortiori* must that principle obtain where the intention is unambiguous and clear.

In *Woodruff* v. *Pleasants*, 81 Va. 37, testator gave certain property in trust to his grandchildren by three of his sons, "now born or hereafter born, to be divided equally between them, my sons acting as trustees, each for his own family, * * * and dividing out to each child, as he or she may come of age or marry, his due share of said estate. * * * *Held:* The property vested beneficially on testator's death in the grandchildren then born, subject to open and let in after-born grandchildren." See also, *Buford* v. *North Roanoke Land & Imp. Co.*, 90 Va. 418, 18 S. E. 914; *Bayly* v. *Curlette*, 117 Va. 253, 259, 84 S. E. 642.

[3] We think this will falls in the class that, where the

intention of the testator is clearly expressed and his meaning plain, there is no occasion to resort to rules of construction. The will in such case speaks for itself.

[4]   We are, furthermore, of opinion that the infant appellant, Ralph St. George Nichols, is not entitled to share in the net income of the estate paid out to living grandchildren or their parents or guardians during the ten years' period. The will in terms limits the net income of the trust fund during that period to grandchildren living at that time and not to those who might be born afterwards.

Our conclusion is to reverse the decree of the trial court and remand the case for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*