CIRCUIT COURT OF ARLINGTON COUNTY

Royce A. Spence, Executor
for the Estate of
Lincoln R. Broyhill, et al.

v.

Lincoln J. Broyhill

April 17, 1989

Case No. (Chancery) 88-224

By JUDGE THOMAS R. MONROE

This matter comes before the Court on the executor's Petition for Declaratory Judgment and defendant's Demurrer, Answer, and Cross-Petition for Declaratory Judgment. The Court heard the testimony of witnesses and has given careful consideration to the able arguments of counsel. The Court makes the following findings of fact and conclusions of law.

The issues presented are: whether those "sums" extended by the decedent in his lifetime to his son, the respondent, and to respondent's business are an advancement or constitute a loan requiring the respondent to set off those debts owed against his distributive share of the estate; whether these "sums" as set forth in the codicil include interest; whether the indebtedness evidenced by promissory notes and other obligations are barred by the respondent's discharge in bankruptcy and/or by the applicable statute of limitations.

To aid in making a determination of these issues, a recapitulation of the facts follows.

On November 6, 1984, the decedent executed his Last Will and Testament making provision for his next of kin

and heirs at law: Betty Graves, Joan M. Hawkins, Sally Worden, Reice Broyhill, and making no provision for his son, Lincoln J. Broyhill. The decedent in the third paragraph of his Last Will and Testament declared that such omission was "not due to any lack of regard or love for him or his family; rather . . . I have contributed to his career, and to his family, in such advances of funds that it would be unfair to my other beneficiaries named herein to do otherwise.

On March 7, 1985, the decedent executed a Codicil to his 1984 Will and Testament reinstating his son, the respondent, into his will. The decedent in the substituted provisions declared that "at various times during my lifetime, I have loaned substantial sums of money to my son, Lincoln J. Broyhill, and to various business entities in which he has been involved . . . ." The decedent directed the executor to ascertain the total of such sums and that "such portion as remains unpaid at the time of my death is to be deducted from the distributive share of my son, Lincoln J. Broyhill." (*See* paragraph numbered *Third* in the Codicil of Lincoln R. Broyhill.) The following notes and obligations are the subject of such "sums" extended to the respondent by the decedent:

1. A promissory note dated 5/10/62 in the amount of $15,000.00.

2. A promissory note dated 1/25/78 in the amount of $1,000.00.

3. A promissory note dated 2/25/78 in the amount of $3,000.00.

4. A promissory note dated 12/3/80 in the amount of $100,000.00.

5. A promissory note dated 12/31/80 in the amount of $147,800.00.

6. A promissory note dated 2/31/81 in the amount of $120,750.00.

7. A loan on the books of Lincoln R. Broyhill & Sons, Inc., in the amount of $30,000.00.

8. Various loans totalling $6,013.00.

The original promissory notes numbered one through six above were jointly submitted to the Court and were admitted into evidence without objection.

466

The Court finds that the terms of the decedent's Last Will and Testament, read together with decedent's Codicil, conclude that the sums expended on respondent's behalf are loans which will require the respondent to set off any outstanding indebtedness against his distributive share. *See Taylor v. Carter*, 117 Va. 845 (1915). The Court is to construe the will as made by the testator and not to write the will for him. *Mann v. Land*, 177 Va. 509, 517 S.E.2d 341, 344 (1941). "The presumption is that a testator uses words in their ordinary meaning . . . If the intention is clearly expressed in the will, we need go no further." *McKinsey v. Cullingsworth*, 175 Va. 411, 415, 9 S.E.2d 315, 316 (1940). *See also Nichols v. Nichols*, 126 Va. 49, 53, 100 S.E. 826, 827 (1915), *Maiorano v. Virginia Trust Co.*, 216 Va. 505, 510 (1975). The testator's intent is clear. The decedent did not advance the sums to the respondent, but rather loaned his son money as evidenced by the promissory notes in the executor's possession.

These loans are subject to the payment of interest. The promissory notes on their face clearly reflect the rate at which interest must be paid. The terms of the notes are as follows:

1. The promissory note dated 5/10/62 drew interest at a rate of 6% per annum. The instrument because it failed to set forth a definite time for payment is a demand note.

2. The promissory note dated 1/25/78 drew interest of 9% per annum, said note payable on demand.

3. The promissory note dated 2/25/78 drew interest of 9% per annum, interest to be payable at maturity (6 months after date, for value received).

4. The promissory note dated 12/3/80 drew interest of 2% above the Floating Prime of National Savings and Trust Company. Payment in monthly installments of interest plus principal in the amount of $334.00 was required until June 30, 1981, when the entire balance, including both the principal and the interest would become due and payable in full.

5. The promissory note dated 12/31/80 accrued interest at a rate of one-half of 1% above the Floating Prime of First American Bank. The note required the payment

of monthly installments of interest until June 30, 1981, at which time both principal and interest would become due and payable in full. This note was personally guaranteed by the respondent and his wife.

6. The promissory note dated 2/12/81 drew interest of 9% per annum. The monthly payment of interest was to begin on March 12, 1981, and continue until February 12, 1983, when both the principal and interest would become due. The note additionally provided for the acceleration of payment or payments upon default or upon the conveyance and/or transfer to persons other than the obligor.

To permit the respondent to make payment on the principal alone would result in a clear advantage to respondent and would be in direct contravention of the decedent's will. *Taylor, supra,* at 846, 849. *See also Bowen v. Evans,* 70 Iowa 368, 30 N.W. 638 (1886). The loans made to the respondent are payable subject to the interest rate fixed in each note.

The respondent asserts in his Cross-Petition that the executor is barred from setting off the indebtedness as against respondent's share of the testator's estate because the respondent received a discharge in bankruptcy on or about January 15, 1985.

In general, the bankruptcy laws provide that a financially pressed debtor may be discharged of all debts provable against him existing at the date of the adjudication. Respondent filed a voluntary petition in bankruptcy under Chapter 7 pursuant to Section 301 of the Bankruptcy Code. A debtor filing a voluntary petition must submit, among other documents, a list of creditors, a schedule of assets and liabilities (pursuant to Sections 501 and 521 of the Bankruptcy Code), a statement of financial affairs, and a schedule of current income and expenditures.

The respondent's bankruptcy discharge paperwork and respondent's submission of proposed Findings of Fact and Conclusions of law clearly show the decedent to be an unsecured creditor in the amount of $247,870.00. (*See* paragraph 17, Facts and Conclusions of Law and, *see also* Form 202-3A (11-81) Schedule A-3). This sum represents the principal under the two notes executed in 1980. The first note was dated December 3, 1980, in the amount of $100,000.00. The second note dated December 31, 1980,

evidenced a loan in the amount of $147,800.00. These notes were included in respondent's Schedule of Assets and Liabilities (Schedule A-1 through A-3). The Schedule of Assets and Liabilities must include all claims against the debtor or his property at the date of filing. Collier's on Bankruptcy 1445 (L.P. King 15th ed., Appendix I, Form 6, 1987). This Court is without sufficient information to recognize any other debts as "provable debts" subject to discharge before the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division. Respondent received discharges in 1960 (Case No. 181-69A), 1972 (Case No. 77-69A) and in 1985 (Case No. 84-01337-A). This Court will confine its rulings to that evidence presented and argued by the parties.

The respondent additionally asserts a statute of limitations bar as to the repayment of indebtedness to the decedent's estate. Pursuant to Section 8.01-246 of the Code of Virginia, 1950, as amended, "actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, shall have accrued within five years whether such writing be under seal or not." A cause of action as it pertains to negotiable instruments accrues the day after maturity where the instrument is a time instrument, and the cause of action against the maker accrues on the date of issuance with a demand instrument. *Harris and Harris v. Tabler*, 232 Va. 75, 348 S.E.2d 241 (1986).

This Court finds upon review of the promissory notes admitted into evidence that the cause of action against the respondent is time-barred as to the following notes; no action having been brought within five years of accrual.

1. The demand note dated 5/10/62 in the amount of $15,000.00.
2. The demand note dated 1/25/78 in the amount of $1,000.00.
3. The time note dated 2/25/78 in the amount of $3,000.00.
4. The time note dated 12/3/80 in the amount of $100,000.00. (The obligation for this note was discharged in bankruptcy on January 15, 1985.)

5. The time note dated 12/31/80 in the amount of $147,800.00. (The obligation under this note was discharged in bankruptcy on January 15, 1984.)

6. The time note dated 2/12/81 in the amount of $120,750.00.

The loan "on the books of Lincoln Broyhill & Sons, Inc." in the amount of $30,000.00 and "various loans" in the amount of $6,013.00 are not evidenced by defendant's signature or obligations. The Court finds that this is not evidence of a legal obligation where relief can be sought against the defendant.

Respondent's Cross-Petition prays that this Court award him attorney's fees and costs. The Court is of the opinion that respondent is not entitled to fees or costs and therefore denies this prayer. The Court further finds that the executor in his administration of the estate is allowed reasonable counsel fees expended in prosecuting litigable demands against the estate. The Court finds that the executor should be compensated at an hourly rate of $115.00 for 100.5 hours of time expended in the preparation of this cause of action totalling the sum of $11,557.50.