ORDWAY et al. v. WILCUTTS, Collector of Internal Revenue.

(District Court, D. Minnesota, Third Division. March 1926.)

Internal revenue ⏎7—Under trust providing that, from shares of minor beneficiaries, trustees should expend sums deemed necessary for beneficiaries' maintenance and education, remainder to be invested and paid to beneficiaries on their coming of age, held, that income tax on such shares is assessable against beneficiaries, and not the trust (Revenue Act 1917, § 2, subd. b. [Comp. St. § 6336b]; Revenue Act 1918, § 219 [Comp. St. Ann. Supp. 1919, § 6336⅛ii]; Revenue Act 1921, § 219 [Comp. St. Ann. Supp. 1923, § 6336⅛ii]; Revenue Act 1926, § 219, subd. b. [3]).

A trust provided that from the shares of minor beneficiaries in the income of the trust estate there should be paid to them or expended for their account such sums as the trustees should deem necessary or desirable for their maintenance and education, that the remainder of each share should be invested by the trustees for the benefit of the minor and allowed to accumulate, and that separate books should be kept showing such investments and the cumulative profits which should be paid to the minor on reaching the age of 21. Held, that such shares were distributed to the beneficiaries periodically, and segregated from the corpus of the trust estate, and that under Revenue Act 1917, § 2, subd. b. (Comp. St. § 6336b), Revenue Act 1918, § 219 (Comp. St. Ann. Supp. 1919, § 6336⅛ii), Revenue Act 1921, § 219 (Comp. St. Ann. Supp. 1923, § 6336⅛ii), and in view of Revenue Act 1926, § 219, subd. b(3) the income tax thereon was assessable against the beneficiaries, and not the trust.

At Law. Action by John G. Ordway and others, trustees, against L. M. Wilcutts, Collector of Internal Revenue. On demurrer to complaint. Overruled.

Sanborn, Graves & Ordway, of St. Paul, Minn., for plaintiffs.

A. W. Gregg, Solicitor of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty. of Internal Revenue, both of Washington, D. C., and Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., for defendant.

MOLYNEAUX, District Judge. This action is brought by John G. Ordway, Samuel G. Ordway, and Lucius P. Ordway, Jr., as trustees under a deed of trust dated January 16, 1917, against L. M. Wilcutts, collector of internal revenue, to recover income taxes for the years 1917, 1918, 1919, 1920, 1921, and 1923, amounting to $5,759.73, and alleged to have been erroneously assessed and collected. Defendant has demurred to the complaint, and this case comes on to be heard on demurrer.

The complaint disclosed that Lucius P. Ordway, on January 16, 1917, erected a trust which provides that out of the income $14,000 annually shall be paid to the wife of the founder, Jessie G. Ordway. The balance of the income shall be divided into five equal parts. Three of the parts are to be paid to three of the adult children of the founder. Taxation of the $14,000 and of the income payable to the three children is not in dispute in this case. The trust further provides: "From the shares of my minor children Katherine Ordway and Richard Ordway there shall be paid them or expended for their account until they reach the age of twenty-six years such sum as in the discretion of said trustees shall be deemed by them necessary and desirable for their maintenance, education and support. On attaining the age of twenty-six they shall receive their shares of said income as herein provided for my adult children. The balance of the shares of said minor children after payment of said expenses shall be invested by said trustees for their benefit and allowed to accumulate. The income from said accumulated amount to be paid them on reaching the age of twenty-one and the principle at such time as said trustees shall at their discretion deem advisable.

"Said trustees shall keep proper books of account covering said trust property and shall keep separate books covering the accumulated profit of the minor beneficiaries hereinbefore described."

The trust also makes provision for the distribution of the income and corpus after the death of the wife and children. Katherine Ordway became twenty-one years of age on April 30, 1920, and thereafter the income from her share of the accumulated fund was paid to her, and this amount has not been included in the taxable income of the trust. Richard Ordway became twenty-one on March 2, 1924.

During the years 1917, 1918, 1919, 1920, 1921, and 1923 the trustees received certain income from the trust property and distributed $14,000 to the widow and divided the remaining income into five equal parts, distributing three of those parts to the adult children. The remaining two parts were applied under the terms of the trust in part to the maintenance of the infants and the balance was invested in securities purchased for and in the name of the said beneficiaries, which securities were kept in a separate safe-deposit box to which the trustees alone were given access.

Under these facts the Commissioner of Internal Revenue determined that that part of the income which under the terms of the trust was to be distributed or not distributed, as the trustees in their discretion determined, was properly taxable to the trust as an entity, and assessed the tax on this theory. The tax was paid under protest, and a claim for refund filed for its recovery. This claim was rejected, whereupon the taxpayers brought this suit.

The deed of trust provides as follows:

"The balance of the income of said trust shall be divided into five equal parts, it being my intention that each of my children shall be entitled to an equal proportion of the income of said trust fund. The shares of each of my adult children * * * shall be distributed to them at such times in the course of each year as shall be deemed by said trustees convenient and expedient; from the shares of my minor children, Katherine Ordway and Richard Ordway, there shall be paid them, or expended for their account, until they reach the age of twenty-six years such a sum as in the discretion of said trustees shall be deemed by them necessary and desirable for their proper maintenance, education and support. * * * The balance of the shares of said minor children, after payment of said expenses, shall be invested by said trustees for their benefit, and allowed to accumulate, the income from said accumulated amount to be paid them on reaching the age of twenty-one and the principal at such time as said trustees shall in their discretion deem advisable.

"Said trustees shall keep proper books of account covering said trust fund property, and shall keep separate books covering the cumulative profit of the minor beneficiaries hereinbefore described."

The pertinent section of the Revenue Acts of 1917 (39 Stat. 756–777, c. 463); 1918 (40 Stat. 1057–1096, c. 18) and 1921 (42 Stat. 246), are set forth in parallel columns:

| Act of 1921. | Act of 1918. | Act of 1917. |
|---|---|---|
| Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including | Sec. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including | Sec. 2. (b) Income received by estates of deceased persons during the period of administration or settlement of the estate, shall be subject to the normal and additional tax and taxed to their estates, and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons, or persons with contingent interests, and income held for future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: Provided, that where the income is to be distributed annually or regularly between existing heirs or legatees, or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed. Comp. St. § 6336b. |
| (1) Income received by estates of deceased persons during the period of administration or settlement of the estate; | (1) Income received by estates of deceased persons during the period of administration or settlement of the estate; | |
| (2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests; | (2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests; | |
| (3) Income held for future distribution under the terms of the will or trust; and | (3) Income held for future distribution under the terms of the will or trust; and | |
| (4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct. | (4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct. | |
| (b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section (214) there shall be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside | Sec. 219. (b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that there shall also be allowed as a deduction (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section (214) any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for the | |

**Act of 1921—Cont'd.**

for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2) or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed¹ to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits, in

**Act of 1918—Cont'd.**

United States, any state, territory, or any political subdivision thereof, or the District of Columbia, or any corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; and in cases under paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraph (1), (2) or (3) of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir or other beneficiary. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the

**Act of 1921—Cont'd.**

addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust.

(e) In the case of an estate or trust the income of which consists both of income of the class described in paragraph (4) of subdivision (a) of this section and other income, the net income of the estate or trust shall be computed and a return thereof made by the fiduciary in accordance with subdivision (b) and the tax shall be imposed, and shall be paid by the fiduciary in accordance with subdivision (c), except that there shall be allowed as an additional deduction in computing the net income of the estate or trust that part of its income of the class described in paragraph (4) of subdivision (a) which, pursuant to the instrument or order governing the distribution, is distributable during its taxable year to the beneficiaries. In cases under this subdivision there shall be included, as provided in subdivision (d) of this section, in computing the net income of each beneficiary, that part of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable during the taxable year to such beneficiary.

(f) A trust created by an employer as a part of a stock bonus or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under this section, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits that part of the amount so distributed or made available as represents the items specified in subdivisions (a) and (b) of section 216. Comp. St. Ann. Supp. 1923, § 6336⅛ii.

**Act of 1918—Cont'd.**

purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust. Comp. St. Ann. Supp. 1919, § 6336⅛ii.

The contention in this case is over who is the proper taxpayer, as between the trust and the beneficiaries. The government contends that this income should be taxed to the trust. The plaintiffs contend that it should be taxed to the beneficiaries.

If the income involved here is "income which is to be distributed to the beneficiaries, periodically, whether or not at regular intervals," then it is taxable to the beneficiaries; otherwise, it is not. A reading of the statutes quoted above will disclose that, in taxing income, it is the general purpose of Congress to tax to the trust all income received by it, which cannot be definitely and legally assigned to some beneficiary during the year, and to the beneficiary when it can be definitely and legally assigned to the beneficiary during the year.

. The defendant argues that in this case the income is payable to the beneficiaries at the discretion of the trustee, that such discretion precludes certainty of payment or distribution, and that by the terms of the statute all income is taxable to the trust which is not certainly payable to the beneficiaries during the year. Counsel for the defendant propounds the question: "Is income of a trust, which is to be· distributed or ·not distributed in the discretion of the trustee, taxable to the trust as an entity?"

The only thing left to the discretion, or we might more properly ˚say judgment, of the trustees, is the amount to be paid to the minors for their maintenance˚ and education. The wording of the trust deed, "From the shares of minor children, Katherine Ordway and Richard Ordway, there shall be paid them or expended for their account, until they reach the age of twenty-six years, such sums as in the discretion of said trustees shall be deemed by them necessary and desirable for their proper maintenance, education and support," while vesting in the trustees some judgment as to the way the children should be supported and educated, requires that they be supported and educated on their income, and therefore calls with absolute certainty for the expenditure of at least a portion of the income. If the trustee should fail in this respect, he would be required by the court upon˚proper application to supply from the income˚such maintenance. Such discretion must always be vested somewhere, either in a guardian or trustee or court, in handling the estates of a minor.

However, I regard the matter of the discretion of the trustee as to how much shall be paid out for the support and education of the minors as of little importance here, for the trust deed requires "the balance of the shares of the minor children, after payment of said expenses, shall be invested by said trustees for their benefit, and allowed to accumulate, the income from said accumulated amount to be paid them on reaching the age of twenty-one and the principal at such time as said trustees shall in their discretion deem advisable." Thus the trust deed requires that the shares of these beneficiaries be invested for their benefit, thereby separating it and holding it separate from the corpus of the trust, and giving to the beneficiaries the ·beneficial use of their respective shares.

That these beneficiaries are not privileged to have and use, as they may wish all of their income, but that that part which is not "necessary and desirable for their maintenance, education and support" is required to be.invested for their benefit, is the method of caring for the property of minors which must of necessity be adopted, either under guardianship or trusteeship, for the law does not regard a minor as competent to invest his own property. This Congress recognizes, for in the same sentence in which provision is made for the distribution of income to beneficiaries a provision is made in the case of minors as follows: "And the income collected by a guardian of an infant, to be held or distributed as the court may direct," and is made taxable to the infant.

The beneficiaries have the use and benefit of the property invested for them. It is invested in their names. The trust company does not have the benefit of such investment. It is segregated from the corpus of the trust, and cannot be devoted to the general purpose of the trust, and, although it is in the hands of the same trustees, yet it is devoted to the beneficial use of the two minors, and each minor has his separate share invested in his name. It is definitely and legally distributed from the corpus of the trust and assigned to the beneficiaries, as effectually as if it had been handed over to their guardians. It is distributed to them in one of the only two methods in which the estates of minors can be held and invested, namely, under guardianship or trusteeship.

I do not regard the Lederer v. Stockton Case, 43 S. Ct. 5, 260 U. S. 3, 67 L. Ed. 99, cited by defendant's counsel, as opposed to the view here expressed, but rather in support of it. In that case a question arises as to whether certain income from a trust

should properly be treated as the income of a trust or as the income of the beneficiaries. The trust was created by the will of one Derbyshire, and provided that certain annuities should be paid out of the income, that the remaining income should be accumulated, and that the corpus of the accumulation should be paid over to the beneficiary, who was a charity, after the death of the annuitant. Until that time the income could not be paid outright to the beneficiary, but remained in the control of the trustee. The trustee transferred the whole residuary fund as a loan for 15 years to the beneficiary, and secured himself by a mortgage on the property of the beneficiary. It was contended by the government that, since title to the residue was in the trustee, the income it produced was taxable to the trustee, but the court held otherwise, because the beneficiary "has really received the benefit of the income subject to the annuity."

So in this case the beneficiaries have received the benefit of the income in the only way that minors could receive such benefit. By the rewording of the 1926 act, Congress has clearly made the law to conform to the construction here given to the previous acts, and, as this act was passed after the opposite construction was placed upon the previous acts by regulation adopted by the Treasury Department, it indicates that the present construction was the one intended by Congress in the previous acts. The act of 1926 reads as follows:

"Sec. 219 (b) (3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

I therefore hold that the income here in question is, under the terms of the trust deed, "income which is to be distributed to the beneficiaries, periodically," and that the demurrer should be overruled.

It is therefore ordered that the demurrer be and the same is hereby overruled.