**FRANK'S TRUST OF 1931 et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9496.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 3, 1948.

Decided Feb. 9, 1948.

Louis Caplan, of Pittsburgh, Pa. (Sachs & Caplan, of Pittsburgh, Pa., on the brief), for petitioners.

George A. Stinson, of Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Helen R. Carloss, and Newton K. Fox, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN, and KALODNER, Circuit Judges.

PER CURIAM.

This case presents the question of whether the Tax Court erred in upholding the Commissioner's disallowance of a deduction from the gross income of a trust estate for the year 1940. The claimed deduction was proper only if the trust agreement required the trustees to distribute the income currently or such sums were actually "properly paid or credited during such year to [the beneficiaries]." Int.Rev. Code §§ 162(b), 162(c), 26 U.S.C.A. Int.Rev. Code, 162(b, c); cf. Commissioner v. Stearns, 2 Cir., 1933, 65 F.2d 371, certiorari denied, 1933, 290 U.S. 670, 54 S.Ct. 90, 78 L.Ed. 579. In the light of the facts of the taxpayer's

case the Tax Court held that neither condition existed. 8 T.C. 368. It found that the circumstances surrounding the crediting by the trustees of certain sums to the beneficiaries indicated an intent not to place the money unconditionally and irrevocably at their disposal. This conclusion was based upon the evidence which revealed the close relationship between the settlor, one of the trustees, and the beneficiaries; the tender ages of the beneficiaries; likewise, the immediate agreement by these beneficiaries, after the sums in question had been "voted", to leave the money with the trustees so that it could be lent to another trust which was engaged in the construction of a home for their mother and father. The transaction, therefore, did not satisfy § 162(c) of the Code. Cf. Richards' Estate v. Commissioner, 2 Cir., 1945, 150 F.2d 837, 160 A.L.R. 1186; Commissioner v. Guitar Trust Estate, 5 Cir., 1934, 72 F.2d 544. This question is peculiarly within the competency of the Tax Court because it involves the conclusion to be drawn from certain evidentiary facts. Commissioner v. Scottish-American Investment Co., 1944, 323 U.S. 119, 65 S.Ct. 169, 89 L.Ed. 113.

The decision of the Tax Court will be affirmed.