W. W. GRANT, as Trustee for Daurine Sara Weiss, Pattie Lee Weiss, Barrie Weiss, Jean Anne Weiss, Minnie S. Weiss, Comprising the Adolph Weiss Trust, Plaintiff,

v.

Ralph NICHOLAS, individually and as Collector of Internal Revenue, Defendant.

W. W. GRANT, as Trustee for Esther S. Winter, Mandell S. Winter, Henry A. Winter, Jr., William Lee Winter, Marianne Winter Miller, formerly Marianne Winter, and Richard S. Winter, Comprising the H. A. Winter Trust, Plaintiff,

v.

Ralph NICHOLAS, individually and as Collector of Internal Revenue, Defendant.

Civ. Nos. 4344, 4345.

United States District Court,
D. Colorado.

Jan. 6, 1955.

David Rosner, Denver, Colo., for plaintiff in No. 4344.

Edward Miller, Denver, Colo., for plaintiff in No. 4345.

Robert Swanson, Asst. U. S. Atty., Denver, Colo., David W. Richter, Sp. Asst. to the Atty. Gen., for defendant. Donald E. Kelley, U. S. Atty., Denver, Colo., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., on the brief.

CHRISTENSON, District Judge.

These are suits brought by the taxpayer, trustee of two inter vivos trusts, to recover federal income taxes and interest alleged to have been erroneously collected for 1946 and 1947. The two cases have been consolidated for trial, as they involve similar trust instruments and common questions of fact and law. The controlling question is whether the trustee in the first instance properly claimed deductions for income paid or credited to beneficiaries within the contemplation of Section 162(c) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 162(c). Defendant has moved for summary judgment of "No cause of action" in each case. Stipulation of facts has been filed.

Henry A. Winter and Adolph D. Weiss, pursuant to trust agreements dated December 15, 1942, each transferred to W. W. Grant as trustee for their wives and children a limited interest in the Winter-Weiss Company, originally a corporation, later a partnership. The partnership was formed by an agreement dated December 31, 1942 by which W. W. Grant, as trustee, was to have such limited interest in the profits of the partnership on account of each trust. Winter and Weiss each retained a general 10% interest in the partnership.

W. W. Grant, as trustee, filed fiduciary income tax returns for 1946 and 1947 on behalf of each trust, reporting income from the partnership. A deduction of the full amounts pursuant to Section 162 of the Internal Revenue Code was claimed, and hence, no income taxable to the trusts was shown. The partnership income allocable to the trustee was reported as income of the beneficiaries in their individual tax returns. The Collector of Internal Revenue reallocated all of the income for 1946 and 1947 to W. W. Grant, as trustee for the respective trusts. The resultant deficiencies in the fiduciaries' income tax returns were liquidated by cash payments and the crediting of the sums paid by the individual beneficiaries. Timely claims for refund were filed by the trustee. It is conceded that the partnership involved is a valid partnership and that the trusts are valid.

The books of the partnership were maintained on a fiscal year basis. Profit accounts were not shown by the partnership in the name of W. W. Grant, as trustee, but separate accounts were maintained in the name of each beneficiary. These accounts were denominated "Partners Accumulated Profits Account", and for the years 1946 and 1947 reflected credits consistent with the amounts shown in the individual returns of the beneficiaries. Withdrawals from these accounts are evidenced

by cancelled checks of the Winter-Weiss partnership, signed by Winter or Weiss, payable to the order of the individual beneficiaries of the trusts, endorsed by W. W. Grant, as trustee, for the individual beneficiaries for deposit in the individual beneficiary accounts in the name of W. W. Grant, as trustee, in the Colorado National Bank of Denver.

For the calendar year 1946 the records of the partnership disclose total cancelled checks to W. W. Grant, as trustee for the beneficiaries as follows:

| Date of Check | Payee | Amount |
|---|---|---|
| March 12, 1946 | Minnie S. Weiss | $ 444.00 |
| April 30, 1946 | Minnie S. Weiss | 383.00 |
| March 12, 1946 | Jean Anne Weiss | 1,225.00 |
| April 30, 1946 | Jean Anne Weiss | 541.99 |
| March 12, 1946 | Barrie Weiss | 1,275.00 |
| April 30, 1946 | Barrie Weiss | 627.68 |
| March 12, 1946 | Pattie Lee Weiss | 1,275.00 |
| April 30, 1946 | Pattie Lee Weiss | 590.30 |
| March 12, 1946 | Daurine Sara Weiss | 1,275.00 |
| April 30, 1946 | Daurine Sara Weiss | 634.65 |

Checks of the partnership mentioned above were deposited in the separate fiduciary accounts, such as "Barrie Weiss, W. W. Grant, Trustee. * * *" The only person authorized to draw checks on these accounts was W. W. Grant as trustee for the respective beneficiaries. All withdrawals from these accounts for the years in question were signed by W. W. Grant as trustee for the above named beneficiaries, payable to the order of the United States Collector of Internal Revenue, or the State Treasurer of Colorado (for income taxes reported for the beneficiaries) except for the following additional payments: to Jean Anne Sheldon $40 a month commencing on January 2, 1946 and ending August, 1947, and check in the sum of $100 in favor of Pattie Lee Weiss Jacob issued November 3, 1947.

W. W. Grant was not authorized to, and did not, draw checks on the Winter-Weiss partnership account. The trustee never loaned any of the trust funds, corpus or income, to either of the settlors of the trust or to any of the beneficiaries. No portion of the funds of the trust was used in the years in question to discharge the parental obligations of the donor-parents to the beneficiaries. The beneficiaries who received checks from the trustee in their individual names endorsed said checks. The donors at the time of the creation of the trusts filed gift tax returns.

The trust agreements, among other things, provide that any money coming into the hands of the trustee as proceeds of the sale of trust property, or income or dividends of said trust estate, or otherwise, and forming a part of the principal or corpus of said estate shall, as soon as practicable, be re-invested by said trustee; that the trustee has the power in his discretion, to borrow or loan money, with or without security, and to pledge all or any part of the corpus of said estate as he deems necessary; that the trustee shall have the right and authority to repay any loan negotiated by him either out of the corpus, or income, or both; and that he has the right to invest or re-invest any or all funds which might come into his hands and to collect or receive returns, income and profits arising from and pursuant to said trust estate. It is further provided that "the beneficial interest created by said declaration of trust shall at all times remain in the beneficiaries named as their interests shall appear, nevertheless, the entire management, control and regulation of the trust estate shall be in the trustee for the duration of this trust". It is further provided that out of income and revenues from the trust estate the trustee shall have the power and duty to pay all taxes and expenses incident to the care, management and preservation of the estate, and all other reasonable and necessary charges incident to the trust created hereby. "Out of the remaining income and revenues the trustee shall pay the beneficiaries, provided, however, that it is in the power and discretion of said trustee to increase or decrease the amount of distribution so that said amount may either exceed or be less than the income of the trust. Any

amount not so distributed shall be added to the corpus of the trust." It is further provided that no distribution shall be made by the trustee during the minority of any beneficiary for purposes of paying either directly or indirectly for the care, support, maintenance or education of said minor or for any other purpose or purposes for which the trustor may now or hereafter become responsible or liable, and any distribution made to the wife of the trustor shall not be made for her care, support or maintenance or for the care, support or maintenance of the family of the trustor. It is further provided that an emergency endangering either the corpus or income of the trust or an emergency insofar as the beneficiaries are concerned, shall be handled by the trustee as in his discretion is for the best interest of said trust and beneficiaries with full right in said trustee to use principal or income as he shall deem advisable. Should any beneficiary die prior to the termination of the trust "all interest of said beneficiary shall be forthwith divided between the surviving beneficiary or beneficiaries named herein, equally or the survivor or survivors of them; provided, however, that the interest of any beneficiary of this trust shall remain in trust and in accordance with the provisions of the declaration and provided further that if any son or sons of the trustor are employed by the partnership, said son or sons shall receive twice as much as the recipients hereunder not so employed".

The certificate and agreement of copartnership providing for limited interests of W. W. Grant as trustee for the named beneficiaries, replacing the previous corporate interests, names the said trustee as a limited partner. With respect to limited partners, it is therein provided that "each shall be entitled to share profits and be responsible for losses of the partnership in the proportions set opposite their respective names", which in the case of W. W. Grant as trustee for Esther S. Winter et al. was .23333 and in the case of W. W. Grant as trustee for Minnie S. Weiss et al. was .23334.

The foregoing are the provisions of the stipulation between the parties, and the terms of the trust and partnership instruments which seem to have significant bearing upon the problem confronting us. On the basis of these, the defendant contends that there is no genuine issue of fact, and that he is entitled to a summary judgment of "No cause of action" against the plaintiff as a matter of law under Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A. The plaintiffs say that the stipulated facts, indeed, are determinative but contend that they authorize and require judgment for plaintiffs, or at least that this is not a case for summary judgment in favor of the defendant.

The following provisions of the Internal Revenue Code of 1939, 26 U.S. C.A. are pertinent:

"§ 162. Net income

\* \* \* \* \* \*

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

Treasury Regulation III, promulgated under the Code provides:

"Sec. 29.42–2. Income not reduced to possession.—Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart al-

though not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and possession. A book entry, if made, should indicate an absolute transfer from one account to another. If a corporation contingently credits its employees with bonus stock, but the stock is not available to such employees until some future date, the mere crediting on the books of the corporation does not constitute receipt."

Plaintiff points out that the net amount earned by each beneficiary's share was credited annually to his or her capital account on the books of the Winter-Weiss Company. The trustee was the limited partner under the partnership agreement. The manner in which profits from the partnership were set up by the partnership would seem not determinative, except as this may be connected up with, or related to, credits or distribution actually made by the trustee, himself, pursuant to the trust agreement.

The cases and arguments presented by plaintiffs relating to the acceptance for tax purposes of family partnerships of the nature involved here throw no light on the controlling questions. Defendant has conceded that the partnership is valid in this case, but the agreement, itself, names the trustee as the limited partner, not the beneficiaries. The right of the trustee to report income, as distinguished from a situation where the other partners would have to pay taxes on all partnership income is not questioned by the Government. If the beneficiaries as such could be deemed partners with the right to report as individual income whatever amount was set up on the partnership books in their

favor, without reference to the terms of the trust agreement and the articles of partnership, the general rules governing what may properly be considered family partnership for the purpose of the Internal Revenue Code would become meaningless.

Also not involved is subdivision (b) of Section 162, which is limited in its application to cases where the trust instrument, itself, imposes a duty on the trustee to make a prompt or periodic distribution of trust income to the beneficiaries. See Saulsbury v. United States, D.C.S.D.Fla., Miami Division, 101 F.Supp. 280, affirmed on appeal, 5 Cir., 199 F.2d 578, certiorari denied, 345 U.S. 906, 73 S.Ct. 645, 97 L.Ed. 1342; Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. Plaintiff has cited several other cases in claimed support of its position which turn upon this section. Commissioner of Internal Revenue v. First Trust and Deposit Co., 2 Cir., 1941, 118 F.2d 449; Eisenmenger v. Commissioner of Internal Revenue, 8 Cir., 1944, 145 F.2d 103; Commissioner of Internal Revenue v. Dean, 10 Cir., 1939, 102 F.2d 699.

It seems manifest that the trust agreements here involved do not by their terms require any immediate or periodic distribution. Moreover, the pre-trial order, itself, indicates that no claim actually is made that the funds in question were distributable to the beneficiaries within the contemplation of subdivision (b) of Section 162, since it specifies the sole issue of law in each case to be "whether sums credited to each beneficiary on the books of the Winter-Weiss partnership were properly paid or credited to the beneficiary so as to entitle the trustee to claim a deduction therefor on his fiduciary returns under Sec. 162(c) of the Internal Revenue Code."

The distinction drawn by the revenue act between income currently distributable and that which has been paid or credited by the trustee, with reference to the prior identical statute, is pointed out in the case of Commissioner of In-

ternal Revenue v. Stearns, 2 Cir., 1933, 65 F.2d 371, certiorari denied, 290 U.S. 670, 54 S.Ct. 90, 78 L.Ed. 579. It excludes as "income currently distributable" income under such trust instruments as are here involved.

There are statements and reasoning in Fidelity & Columbia Trust Co. v. Lucas, 6 Cir., 1933, 66 F.2d 116 and Lucas v. Fidelity & Columbia Trust Co., 6 Cir., 1937, 89 F.2d 945, which seem to support the position of plaintiffs. This support is not expressly on either the theory of currently distributable income, or income properly credited or paid. It is unnecessary here to pass upon the validity of this reasoning as applied to the facts in those cases, although such reasoning to me appears at least questionable. The position "conceded" by each party in the action first mentioned, 66 F.2d at page 120, that income is to be considered as "distributed" to a beneficiary if under the provision of the will it is properly credited to his or her account although it does not then pass into his or her uncontrolled possession, seems erroneous in relation to "currently distributable" or "properly paid or credited" income, and without facts invoking either theory. However, the Sixth Circuit in this case states, 66 F.2d at page 120, that if surplus income were to be considered under the trust document as a part of the principal, its conclusion would be different. Under the Winter-Weiss trusts, surplus income does become part of the trust principal. This and other circumstances distinguish the cases mentioned and the case at bar.

In the case of Lynchburg Trust & Savings Bank v. Commissioner of Internal Revenue, 4 Cir., 1934, 68 F.2d 356, certiorari denied, 292 U.S. 640, 54 S.Ct. 773, 78 L.Ed. 1492, it is conceded that to be "credited" to a legatee or beneficiary within the tax deduction provision, trust income must be so definitely allocated to him as to be beyond recall and that taxpayers are charged with income not reduced to possession or, if received constructively,

where its non-receipt is not wholly a matter of the taxpayer's own choice. It was there conceded that withheld income of certain grandchildren could not be deducted in computing the net income of the trust estate as amounts "credited" to the grandchildren or their guardian. However, it was determined that under the will three separate and distinct trusts were established, the income of which was reportable separately in behalf of the respective beneficiaries. Referring to other cases cited in the opinion the Court commented, 68 F.2d at page 361:

"The decision in each instance turned upon the intention of the testator as disclosed by the will. So, in the pending case, we hold that the accumulated income, although intended to be withheld from the grandchildren until the youngest should reach the age of thirty years, was meanwhile held for their individual benefit in two separate trusts apart from the corpus of the main trust."

This latter case and the Lucas case above mentioned are the most persuasive authorities in favor of plaintiff's position. However, in the case now before us, the trust instrument is decisively different, and its effect is not only to clearly show that the trust, concerning payments or credits of income to beneficiaries, is discretionary, but to negative the theory that separate trusts were created in reference to income of the respective beneficiaries.

Returning to the inquiry of whether the income in question was properly credited, the great weight of authority indicates that to be deemed properly credited, the income must be irrevocably and unconditionally placed at the disposal of the beneficiary. Lynchburg Trust & Savings Bank v. Commissioner of Internal Revenue, supra; Frank's Trust of 1931 v. Commissioner of Internal Revenue, 3 Cir., 1948, 165 F.2d 992; Commissioner of Internal Revenue v. Stearns, supra; Commissioner of Internal Revenue v. Guitar Trust Estate,

242

5 Cir., 1934, 72 F.2d 544; Plimpton v. Commissioner of Internal Revenue, 1 Cir., 1943, 135 F.2d 482; Channing v. Hassett, 1 Cir., 1952, 200 F.2d 514.

■ In my opinion, the facts before us do not bring the income in question within the definition of income "properly paid or credited" to the beneficiaries, with minor exceptions to be hereafter noted. It is true that separate accounts denominated "Partners Accumulated Profits Account" were maintained in the name of each beneficiary by the partnership. The amounts claimed to have been "credited" to the beneficiaries were reflected therein. Withdrawals from these accounts were made payable only to W. W. Grant as trustee for the various named beneficiaries and were deposited by him in fiduciary accounts in the name of W. W. Grant as trustee for the various named beneficiaries and upon accounts only the trustee as such and not the beneficiaries was authorized to draw. The trustee was not authorized to and did not draw, checks on the partnership account.

■ If any funds were credited to the beneficiaries within the contemplation of the authorities mentioned above, when could it be said that this credit was made? It is contemplated by the statute, I believe, that the crediting must be made by the trustee, or at least with his approval and within the authority of the trust instrument. When accounts were set up in the name of the beneficiaries by the partnership under the heading, "Partners Accumulated Profits Account", the beneficiaries had no right to the funds and even the trustee at that point could not, and did not, draw checks on them. No matter what the designation was by the partnership, the trustee, as such, under the articles of partnership, was the party in interest and had the right and duty of receiving the trust income from the partnership. Under the partnership agreement, under the stipulated practice of the parties, and by the very nature of the transaction, the individual beneficiaries had no control over the income at that point. It was not subject to their withdrawal as distinguished from control and withdrawal by the trustee. It was not unconditionally and irrevocably at the disposal of the beneficiaries. It was not properly credited or paid to them merely by its treatment on the books of the partnership. This covers the bulk of the income involved. It was neither distributable or properly paid or credited to the beneficiaries during the years in question.

■ What about the small sums which were withdrawn from the partnership by check made in favor of the trustee and placed in individual fiduciary bank accounts in the name of the trustee for the respective beneficiaries? The beneficiaries could not, and did not, draw checks upon these funds. When the checks were placed in the beneficiaries' individual trust accounts, it is true that the trustee was the only one who could draw checks on these accounts. It is further true, as pointed out in defendant's brief, that the unilateral act of entering items in the account is not conclusive. Commissioner of Internal Revenue v. Stearns, supra. It is further true that Treasury Regulation III indicates that even though income is credited to the account of a beneficiary, this is not in and of itself sufficient as it still may not be drawn upon by him at any time and thus without limitation brought within his own control and disposition. However, the checks which Mandell S. Winter, Jean Anne Sheldon and Pattie Lee Weiss Jacobs actually received through the individual beneficiary bank accounts and which were cashed by them seem clearly paid or credited within the intent of the statute. Other checks from the partnership deposited in the individual beneficiary accounts by the trustee and drawn against by the trustee in behalf of the respective beneficiaries for the payment of income taxes reported by the individual beneficiaries, I believe, may well be deemed to have been properly credited or paid to the individual beneficiaries within the contemplation of Sec. 162(c). In

any event, I believe that the stipulated facts do not enable me as a matter of law to say that this was not so.

It is suggested in Frank's Trust of 1931 v. Commissioner of Internal Revenue, supra, and Flato v. Commissioner of Internal Revenue, 5 Cir., 1952, 195 F. 2d 580, that surrounding facts and circumstances might affect or support a finding of intent either to place money unconditionally and irrevocably at the disposal of the beneficiaries or not to do so, and that this intent might be controlling.

In the pre-trial order, this question of intent is reserved at plaintiffs' request as a question of fact, subject to the objection of the defendant that intent is immaterial. This intent may have some materiality with respect to funds actually withdrawn from the partnership and deposited in, or drawn from individual fiduciary accounts. In any event, as to the latter funds, the facts which I must accept do not establish the right of the defendant to prevail here as a matter of law, and summary judgment of "No cause of action" as to taxes corresponding to such funds is denied. A motion for summary judgment under federal rules is not a substitute for a trial where there is a bona fide dispute as to material facts, but is appropriate when the moving party is entitled to judgment as a matter of law and it is clear what the trust is and that no genuine issues remain for trial by Court or jury. Fed.Rules of Civ.Proc. rule 56, 28 U.S.C.A.; Brooks v. Utah Power & Light Co., 10 Cir., 1945, 151 F.2d 514.

With respect to funds retained for the years in question in the partnership, even though carried in the names of the respective beneficiaries under "Partners Accumulated Profits Account", the intent of either the partners, the trustee or the beneficiaries could not alter the effect of the partnership agreement, the trust instrument and the stipulated facts which, in their material aspects, are clear, unequivocal and definite. As to taxes based upon such funds, therefore, I hold as a matter of law, that plaintiff cannot prevail, and summary judgment is therefore granted in favor of the defendant and against the plaintiff, "No cause of action."